FRANCIS B. RIDGWAY AND JULIA P. RIDGWAY, HIS WIFE,
v. GILETTE TOLAND, GUARDIAN.

Where a wife signs a bond as security for her husband, the judgment
entered thereon will be vacated as to her, but must stand against him.

On rule to show cause why judgment should not be set
aside.

Argued at June Term, 1881, before Justices DIXON and
PARKER.

For the defendants, *John S. Jessup*.

For the guardian, *Richard M. Ware*.

The opinion of the court was delivered by

PARKER, J.   Francis B. Ridgway was indebted to Fanny
C. Chattin, at the time of her death, in the sum of $731.89,
to secure which he had given her his bond.   By her will she
bequeathed her estate to her son, William I. Chattin, a minor,
to have the same when he should arrive at the age of twenty-
one years, the interest accruing before that event to be paid
to her father and mother.   She appointed Gilette Toland
guardian of the minor child, and named Francis B. Ridgway
as her executor.

As such executor, Francis B. Ridgway subsequently settled
the estate in the Orphans' Court of the county of Gloucester.

The estate was solvent.   In paying over the moneys and
assets of the estate in his hands, after settlement as executor,
Francis B. Ridgway, for his own indebtedness to the estate,
on the bond before mentioned, delivered to Gilette Toland,
guardian of William I. Chattin, the minor, another bond with
warrant of attorney, executed by himself and his wife, Julia P.
Ridgway.

On the bond last named, judgment has been entered in favor of Gilette Toland, guardian, against both husband and wife. The pending motion is to set aside this judgment.

The proof is clear that Julia P. Ridgway signed the bond on which the judgment was entered, as security for her husband ; and as to her the judgment must be vacated.

After the death of Fanny C. Chattin, her minor son went to live with Gilette Toland, his guardian, who then resided and still resides in the city of Philadelphia. Letters of guardianship have been granted to Gilette Toland by the Orphans' Court of Philadelphia, and he has given the required security there.

The guardian of the minor and his grandparents were the only persons interested in the estate after the debts were paid. The bond with warrants of attorney was given to the guardian and accepted by him, as the minor's representative, and the grandparents, as the testimony shows, have ratified the act. This constitutes a legal consideration for the bond, as against Francis B. Ridgway. He was indebted to the estate.

When he settled his accounts in the Orphans' Court, his duties as executor ceased, except to pay over the moneys in his hands to whomsoever he found entitled to receive them. As part of the sum to which the guardian was entitled, he gave his bond, on which judgment has been entered. He should have raised the money and paid his indebtedness to the estate, and then, as executor, turned it over to the guardian ; but not doing this, the guardian consented to take his bond for the amount of his debt to the estate. The judgment on this bond must stand against him.

It appears that Gilette Toland has been removed from his guardianship by the Orphans' Court of the county of Gloucester, and another appointed in his place. But such action did not pay the judgment nor cancel the bond. Francis B. Ridgway cannot have the judgment opened for that reason. If the new guardian should claim that the judgment is by such proceeding assigned to him, he must raise that question.